UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                   :

UNITED STATES OF AMERICA
                   :

    -v-              :

                   :

RYAN C. PAFUMI,       :
  a/k/a "Chris Highwind,"
  a/k/a "ragnarok@securenym.net,"  :
  a/k/a "James McNight,"
  a/k/a "Johnathan Alexander,"  :

                   :

          Defendant.  :

                   :

- - - - - - - - - - - - - - - - - x

**ORIGINAL**

**INDICTMENT**

07 Cr.

**07 CRIM. 435**

MAY 17 2007

## COUNT ONE

The Grand Jury charges:

    1.    From at least in or about February 2007 through and including on or about March 21, 2007, in the Southern District of New York and elsewhere, RYAN C. PAFUMI, a/k/a "Chris Highwind," a/k/a "ragnarok@securenym.net," a/k/a "James McNight," a/k/a "Johnathan Alexander," a/k/a "James McNight," a/k/a "Johnathan Alexander," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

    2.    It was a part and an object of the conspiracy that RYAN C. PAFUMI, a/k/a "Chris Highwind," a/k/a "ragnarok@securenym.net," a/k/a "James McNight," a/k/a "Johnathan Alexander," the defendant, and others known and unknown, would and did distribute, and possess with intent to distribute, a

controlled substance, to wit, anabolic steroids, a controlled
substance in Schedule III, without a valid written or oral
prescription, in violation of Title 21, United States Code,
Sections 812, 829(b), and 841(a)(1) & (b)(1)(D), and Title 21,
Code of Federal Regulations, Sections 1306.21 and 1308.13.

### Overt Acts

3.    In furtherance of the conspiracy, and to effect
the illegal object thereof, the following overt acts, among
others, were committed in the Southern District of New York and
elsewhere:

a.    On or about February 27, 2007, a confidential
informant acting under the supervision of law enforcement sent an
e-mail to "ragnarok@securenym.net" ordering anabolic steroids.

b.    On or about March 1, 2007, an law enforcement
officer acting in an undercover capacity sent money through
Western Union to "Chris Highwind."

c.    On or about March 6, 2007, a package
containing trenbolone enanthate and boldenone undecylenate was
received in Manhattan, New York.

d.    On or about March 19, 2007, in Nanuet, New
York, RYAN C. PAFUMI, a/k/a "Chris Highwind," a/k/a
"ragnarok@securenym.net," a/k/a "James McNight," a/k/a "Johnathan
Alexander," the defendant, using the name "Chris Highwind,"
received money via Western Union.

e.    On or about March 21, 2007, in New Jersey, PAFUMI was in possession of anabolic steroids and steroids-related paraphernalia.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

4.    From at least in or about February 2007 through and including on or about March 21, 2007, in the Southern District of New York and elsewhere, RYAN C. PAFUMI, a/k/a "Chris Highwind," a/k/a "ragnarok@securenym.net," a/k/a "James McNight," a/k/a "Johnathan Alexander," the defendant, and others known and unknown, unlawfully, wilfully and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Section 1956(a).

5.    It was a part and an object of the conspiracy that RYAN C. PAFUMI, a/k/a "Chris Highwind," a/k/a "ragnarok@securenym.net," a/k/a "James McNight," a/k/a "Johnathan Alexander," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct financial transactions, which in fact involved the proceeds of specified

unlawful activity, to wit, the proceeds of trafficking in
controlled substances, knowing that the transactions were
designed in whole and in part to conceal and disguise the nature,
the location, the source, the ownership, and the control of the
proceeds of specified unlawful activity, in violation of Title
18, United States Code, Section 1956(a)(1)(B)(i).

## Overt Acts

6.    In furtherance of the conspiracy, and to effect
the illegal object thereof, the following overt acts, among
others, were committed in the Southern District of New York and
elsewhere:

a.    On or about February 25, 2007, an individual
using e-mail account "ragnarok@securenym.net" sent an e-mail to
an undercover e-mail account, providing E-gold account number
1895167 and account name "Highwind."

b.    On or about March 1, 2007, a law enforcement
officer acting in an undercover capacity sent money through
Western Union to "Chris Highwind."

c.    On or about March 19, 2007, in Nanuet, New
York, RYAN C. PAFUMI, a/k/a "Chris Highwind," a/k/a
"ragnarok@securenym.net," a/k/a "James McNight," a/k/a "Johnathan
Alexander," the defendant, using the name "Chris Highwind,"
received money via Western Union.

(Title 18, United States Code, Section 1956(h)).

4

## FORFEITURE ALLEGATION AS TO COUNT ONE

7.    As a result of committing the controlled substance offense alleged in Count One of this Indictment, RYAN C. PAFUMI, a/k/a "Chris Highwind," a/k/a "ragnarok@securenym.net," a/k/a "James McNight," a/k/a "Johnathan Alexander," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in this Indictment, including but not limited to a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense alleged in Count One of the Indictment.

## Substitute Asset Provision

8.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

      (Title 21, United States Code, Sections 846 and 853.)

## FORFEITURE ALLEGATION AS TO COUNT TWO

      9.  As the result of committing the money laundering offense in violation of 18 U.S.C. § 1956, alleged in Count Two of this Indictment, RYAN C. PAFUMI, a/k/a "Chris Highwind," a/k/a "ragnarok@securenym.net," a/k/a "James McNight," a/k/a "Johnathan Alexander," the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to a sum in United States currency representing the property which was involved in the money laundering offense or is traceable to such property.

## Substitute Asset Provision

      10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due

6

diligence;

        b.   has been transferred or sold to, or deposited with, a third person;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Sections 982 and 1956.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

### RYAN C. PAFUMI,
a/k/a "Chris Highwind,"
a/k/a "ragnarok@securenym.net,"
a/k/a "James McNight,"
a/k/a "Johnathan Alexander,"

**Defendant.**

## INDICTMENT

07 Cr.

(Title 21, United States Code, Section 846 and Title 18,
United States Code, Section 1956(h))

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

Foreperson.

5-17-07 Filed Indictment under Seal, A|W issued.
Pitman
U.S.M.J