UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
               :
UNITED STATES OF AMERICA
               :
       -v-                                ORDER OF FORFEITURE
               :
RYAN C. PAFUMI,                           07 Cr. 435 (DC)
   a/k/a "Chris Highwind,"     :
   a/k/a "ragnarok@securenym.net,"
   a/k/a "James McNight,"      :
   a/k/a "Jonathan Alexander,"
               :
               Defendant.
- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/08

WHEREAS, on or about May 17, 2007, RYAN PAFUMI (the "defendant"), was charged in a two-count Indictment, 07 Cr. 435 (DC) (the "Indictment"), with conspiracy to distribute, and to possess with intent to distribute, anabolic steroids, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D) (Count One), and with conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation providing notice that the Government is seeking, pursuant to 21 U.S.C. § 853, forfeiture of any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the narcotics offense charged in the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of said offense;

WHEREAS, the Indictment included a second forfeiture allegation providing notice that the Government is seeking, pursuant to 18 U.S.C. §§ 982, forfeiture of any and all property, real and personal, involved in the money laundering offense charged in the Indictment and all property traceable to such property;

WHEREAS, the Government subsequently filed forfeiture bills of particulars providing notice that the property subject to forfeiture as a result of the crimes charged in the Indictment includes, but is not limited to:

  (1) $2,742.00 in United States currency seized on or about June 6, 2007 from an apartment at 101 Gedney Street, Nyack, New York (the "Seized Currency");

  (2) One 2006 Mercedes Benz S55 AMG, bearing VIN WDBWK73F46F102354 (the "Seized Vehicle");

(collectively, the "Seized Assets");

WHEREAS, the Government filed the aforementioned forfeiture bills of particulars based upon the defendant's claim to the Seized Assets in non-judicial forfeiture proceedings commenced by the Drug Enforcement Administration against the Seized Assets;

WHEREAS, on or about January 9, 2008, the defendant pled guilty to Counts One and Two of the Indictment pursuant to a plea agreement with the Government;

WHEREAS, under the plea agreement, the defendant admitted the forfeiture allegations in the Indictment, and agreed

2

to forfeit to the United States a sum of money equal to $150,000.00 in United States currency, representing the amount of proceeds resulting from the offenses described in Counts One and Two of the Indictment;

WHEREAS, on or about April 10, 2008, the defendant was sentenced and was ordered to forfeit a sum of money equal to $150,000.00 in United States Currency, representing the amount of proceeds resulting from the offenses described in Counts One and Two of the Indictment; and

WHEREAS, the parties agree that the defendant's payment of $100,000 at the time of sentencing and the defendant's withdrawal of his claim, in the non-judicial forfeiture proceedings, to the Seized Currency will constitute full satisfaction of the Money Judgment, and that the Government will not seek judicial forfeiture of the Seized Vehicle;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.   As a result of the offenses charged in Counts One and Two of the Indictment, to which the defendant entered a plea of guilty, a money judgment in the amount of $150,000.00 (the "Money Judgment") shall be entered against the defendant. The defendant's payment of $100,000 at the time of sentencing and his withdrawal of his claim, in the non-judicial forfeiture

proceedings, to the Seized Currency, will constitute full satisfaction of the Money Judgment.

      2.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final as to the defendant, RYAN PAFUMI, at the time of sentencing and shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

      3.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

      4.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

      5.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

6. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Anna E. Arreola, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
April 10, 2008

SO ORDERED:

HONORABLE DENNY CHIN
UNITED STATES DISTRICT JUDGE